No. 24-542

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KIM RHODE; GARY BRENNAN; CORY HENRY; EDWARD JOHNSON; SCOTT LINDEMUTH; RICHARD RICKS; DENISE WELVANG; ABLE'S SPORTING, INC., A TEXAS CORPORATION; AMDEP HOLDINGS, LLC, A FLORIDA LIMITED LIABILITY COMPANY D/B/A AMMUNITION DEPOT; R & S FIREARMS, INC., AN ARIZONA CORPORATION D/B/A SAM'S SHOOTERS EMPORIUM; CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, A CALIFORNIA CORPORATION,

*Plaintiffs-Appellees*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA

*Defendant-Appellant.*

**On Appeal from the United States District Court
for the Southern District of California**
No. 3:18-cv-00802-BEN-JLB
The Honorable Roger T. Benitez, Judge

**CIRCUIT RULE 27-3 CERTIFICATE
FOR EMERGENCY MOTION FOR AN IMMEDIATE ADMINISTRATIVE
STAY AND A STAY PENDING APPEAL**

**IMMEDIATE RELIEF REQUESTED**

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
JOHN D. ECHEVERRIA
MEGHAN H. STRONG
Deputy Attorneys General

CHRISTINA R.B. LÓPEZ
Deputy Attorney General
State Bar No. 312610
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1230
 Telephone: (213) 269-6106
 Fax: (916) 324-8835
 E-mail: Christina.Lopez@doj.ca.gov
*Attorneys for Defendant-Appellant*

January 31, 2024

# CIRCUIT RULE 27-3 CERTIFICATE

The undersigned counsel certifies the following the information, as required by Ninth Circuit Rule 27-3(c).

**(1) Names, Telephone Numbers, E-Mail Addresses, and Office Addresses for the Attorneys for All Parties (9th Cir. R. 27-3(c)(i)):**

*Counsel for Defendant-Appellant:*
R. Matthew Wise (matthew.wise@doj.ca.gov)
John D. Echeverria (john.echeverria@doj.ca.gov)
Meghan H. Strong (meghan.strong@doj.ca.gov)
Christina R.B. López (christina.lopez@doj.ca.gov)
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6106
Fax: (916) 324-8835

*Counsel for Plaintiffs-Appellees:*
C.D. Michel (cmichel@michellawyers.com)
Sean A. Brady (sbrady@michellawyers.com)
Michel & Associates, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Fax: (562) 216-4445

**(2) Facts Showing the Existence and Nature of the Emergency (9th Cir. R. 27-3(c)(ii)):**

The decision issued by the district court on January 31, 2024, enjoins enforcement of ammunition background check and other requirements that have been in effect since 2019 and that have prevented the sale of ammunition to hundreds of persons prohibited from making such purchases. *See* California Penal Code sections 30312(a), 30312(b), 30314(a), 30370, and 30352(a)-(d) (the

1

"Ammunition Laws").[1] The Ammunition Laws were enacted in 2016 to prevent the purchase of ammunition by individuals prohibited from owning, purchasing, or possessing ammunition (as well as firearms), through record-keeping and background check requirements. The laws also prohibit a person in California from purchasing ammunition from vendors outside of California unless the ammunition is delivered directly to an in-state, California-licensed ammunition vendor, who then conducts the background check in a face-to-face transaction. *See* Cal. Penal Code §§ 30312, 30314, 30370, and 30385. The Attorney General renewed a request for a stay hours after the district court issued its decision, Dist. Ct. Dkt. 107; the district court refused to grant any stay, including a brief administrative stay to allow the Attorney General time to seek further relief from this Court, Dist. Ct. Dkt. 109.

Without a stay, the district court's decision will allow the immediate sale of ammunition to prohibited individuals, presenting a substantial risk to the public. That risk is not theoretical. Within hours of the district court's issuance of a preliminary injunction in 2020—which the district court also declined to stay, Dist. Ct. Dkt. 62—at least one ammunition dealer had already begun advertising that the injunction allowed customers to "again purchase ammo without a background

---

[1] Copies of the district court's decision and judgment are attached as Exhibits 1 and 2 to the accompanying declaration of Christina R.B. López (López Decl.).

check and order ammo online!" López Decl. ¶ 51, Ex. 19. Ammunition vendors have made similar statements today. *Id.* ¶ 52, Exs. 20, 21.

This Court previously issued an immediate administrative stay and then granted a stay of the preliminary injunction pending appeal. 9th Cir. No. 20-55437, Dkts. 4, 13-1. A stay pending appeal is warranted for the same reasons here. Just as in 2020, ammunition dealers have already begun advertising that ammunition is available online. López Decl. ¶ 52, Exs. 20, 21. And the State's experience in *Duncan v. Becerra*, No. 19-55376 (9th Cir.), which concerns the constitutionality of California's restrictions on large-capacity ammunition magazines, also underscores why emergency relief is warranted here. In that case, the same district court entered judgment and permanently enjoined California's longstanding restrictions on large-capacity magazines, which was effective immediately upon entry. *Duncan v. Becerra*, 366 F. Supp. 3d 1131 (S.D. Cal. 2019), *aff'd*, 970 F.3d 1133 (9th Cir. 2020), *reh'g en banc granted*, 988 F.3d 1209 (2021). In the short period before the State was able to obtain a stay of the judgment pending appeal, a substantial number of large-capacity magazines flowed into the State, where they remain to this day. López Decl. ¶ 53.

If the district court's decision in this case is allowed to take effect, it would similarly and irrevocably alter the status quo that has been in effect for over four years, allowing prohibited California residents to acquire ammunition during the appeal. This increase in prohibited purchases of ammunition would jeopardize

3

public safety. And if the challenged provisions of the Ammunition Laws are later upheld, it would be difficult for the State to reverse those transactions, identify prohibited persons who purchased ammunition during the appeal in violation of the Ammunition Laws, and restore the status quo.

The Attorney General respectfully requests that the Court act immediately on this motion and issue an administrative stay while considering the motion for a stay pending appeal. If the Court denies the motion for a stay pending appeal, the Attorney General requests a 14-day administrative stay from the date of the denial to allow time for the State to consider whether to seek further relief, including from the en banc Court of the United States Supreme Court.

**(3) Why the Motion Could Not Have Been Filed Earlier (9th Cir. R. 27-3(c)(iii)):**

The district court's decision was issued on January 31, 2024. The Attorney General filed a renewed request with the district court to stay its decision within hours of being served. The district court denied the motion (declining to grant even a ten-day stay to allow time to seek relief from this Court), Dist. Ct. Dkt. 109, and the Attorney General filed this emergency motion as soon as practicable in the evening of January 31, 2024. Counsel for Defendant notified the Court's Emergency Motions Department by telephone January 31, 2024.

**(4) When and How Counsel Were Notified and Served and Plaintiffs' Position on the Emergency Motion (9th Cir. R. 27-3(c)(iv)):**

On January 31, 2024, Defendant's counsel conferred with Plaintiffs' counsel by telephone to inform Plaintiffs that the Attorney General was planning to appeal the judgment and seek a stay pending appeal from this Court. Plaintiffs oppose this emergency motion.

**(5) The Requested Relief Was First Sought in the District Court (9th Cir. R. 27-3(c)(v)):**

The Attorney General repeatedly requested that the district court enter a stay pending appeal if it enjoined the Ammunition Laws in whole or in part. *See* Dist. Ct. Dkt. 81 at 25 n.16; Dist. Ct. Dkt. 86 at 10 n.15. The Attorney General renewed the request after the district court issued its decision. *See* Dist. Ct. Dkt. 107. The district court denied the request and "failed to afford the relief requested" by the Attorney General, necessitating this emergency motion. Fed. R. App. P. 8(a)(2)(A)(ii). Any delay in entering a stay of the judgment pending this appeal would result in irreparable harm and threaten public safety.

I declare under penalty of perjury that the foregoing is true.

Dated: January 31, 2024          Respectfully submitted,

> Rob Bonta
> Attorney General of California
> R. Matthew Wise
> Supervising Deputy Attorney General
> John Echeverria
> Meghan H. Strong
> Deputy Attorneys General
>
> *s/ Christina R.B. López*
>
> Christina R.B. López
> Deputy Attorney General
> *Attorneys for Defendant-Appellant*

6