No. 24-542

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Kim Rhode; Gary Brennan; Cory Henry; Edward Johnson; Scott Lindemuth; Richard Ricks; Denise Welvang; Able's Sporting, Inc., a Texas corporation; Amdep Holdings, LLC, a Florida limited liability company d/b/a Ammunition Depot; R & S Firearms, Inc., an Arizona corporation d/b/a Sam's Shooters Emporium; California Rifle & Pistol Association, Incorporated, a California corporation,

*Plaintiffs-Appellees*,

v.

Rob Bonta, in his official capacity as Attorney General of the State of California

*Defendant-Appellant.*

**On Appeal from the United States District Court for the Southern District of California**
No. 3:18-cv-00802-BEN-JLB
The Honorable Roger T. Benitez, Judge

**REPLY IN SUPPORT OF EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR AN IMMEDIATE ADMINISTRATIVE STAY AND STAY PENDING APPEAL**

**IMMEDIATE RELIEF REQUESTED**

Rob Bonta
 Attorney General of California
R. Matthew Wise
 Supervising Deputy Attorney General
John D. Echeverria
Meghan H. Strong
 Deputy Attorneys General

Christina R.B. López
 Deputy Attorney General
 State Bar No. 312610
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6106
  Fax: (916) 324-8835
  E-mail: Christina.Lopez@doj.ca.gov
 *Attorneys for Defendant-Appellant*

February 2, 2024

## TABLE OF CONTENTS

                                                                  **Page**

Introduction ................................................................................................... 1

Argument ...................................................................................................... 2

I.     The Attorney General Is Likely to Succeed on the Merits ............................ 2

        A.     The Ammunition Laws Comport With the Second Amendment .......... 2

        B.     The Ammunition Laws Do Not Violate the Dormant Commerce Clause ................................................................................................. 4

        C.     The Ammunition Laws Are Not Preempted by Federal Law ............... 5

II.    The Equitable Factors Weigh Strongly in Favor of a Stay ............................ 6

Conclusion .................................................................................................... 8

Certificate of Compliance ............................................................................. 9

# TABLE OF AUTHORITIES

Page

**CASES**

*Dist. of Columbia v. Heller*
   554 U.S. 570 (2008)...............................................................................2

*Fresno & Pistol Club, Inc. v. Van de Kamp*
   716 F. Supp. 1415 (E.D. Cal. 1990) .....................................................6

*Nat'l Pork Producers Council v. Ross*
   598 U.S. 356 (2023)...............................................................................5

*Nationwide Biweekly Administration, Inc. v. Owen*
   873 F.3d 716 (9th Cir. 2017) .................................................................5

*New York State Rifle and Pistol Association, Inc. v. Bruen*
   597 U.S. 1 (2022)...............................................................................2, 4

*United States v. Salerno*
   481 U.S. 739 (1987)...............................................................................2

**STATUTES**

United States Code, Title 18
   § 926A....................................................................................................5

California Code of Regulations, Title 11
   § 4263(a) ...............................................................................................4
   § 4263(b) ...............................................................................................4

California Penal Code
   § 30312..................................................................................................4

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   Second Amendment..............................................................................2

# INTRODUCTION

Plaintiffs' opposition to the Attorney General's motion for an immediate administrative stay and a stay pending appeal hardly addresses the Attorney General's arguments or the *Bruen* framework that governs Plaintiffs' principal challenge to the Ammunition Laws. The Attorney General is likely to succeed on the merits of the appeal, and the equitable considerations overwhelmingly support a stay. The district court's order jeopardizes public safety by removing critical safeguards that thwart prohibited persons from obtaining ammunition—safeguards that have been in place for years. Without interim relief—as evidenced by ammunition vendors' advertisements within hours of the decision—California will experience a sudden flood of mail-order ammunition sales into the state that cannot be undone. That ammunition may be used to load ghost guns that are acquired by prohibited persons to evade background check requirements to perpetrate violence, commit crimes, and imperil the community's safety. Even if the State were to ultimately prevail upon appeal, there is no reasonable possibility of unwinding these transactions. Plaintiffs forthrightly acknowledge that "the legal questions at the heart of this matter are 'serious.'" Opp. 11. A stay is urgently needed to preserve the status quo while this Court considers the merits of those questions.

# ARGUMENT

## I. THE ATTORNEY GENERAL IS LIKELY TO SUCCEED ON THE MERITS

### A. The Ammunition Laws Comport With the Second Amendment

Plaintiffs do not dispute that *Bruen* endorsed background checks as a means to ensure that "only those bearing arms in the jurisdiction, are . . . 'law-abiding, responsible citizens.'" *Bruen*, 597 U.S. at 38 n.9 (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 635 (2008)). Indeed, they acknowledge that "background checks *generally*" are supported by historical tradition and comport with the Second Amendment. Opp. 5. Plaintiffs instead focus on statistics regarding the rates of rejection for parties who are not before this Court, arguing that those rejections render "*this* ammunition background check system . . . abusive." Opp. 5–6. But Plaintiffs sought to enjoin enforcement of the Ammunition Laws in their entirety, not just as applied in a specific factual context, involving potential ammunition purchasers who are not before this Court. Their arguments cannot justify the broad injunction issued by the district court here—which enjoins *any* application of the Ammunition Laws.[1] *See United States v. Salerno*, 481 U.S. 739, 745 (1987) (a facial challenge to enjoin enforcement of a statute in its entirety, not just as applied in a specific factual context, is "the most difficult challenge to

---

[1] López Decl. Ex. 1 at 32.

2

mount successfully, since the challenger must establish that no set of circumstances exists under which the statute would be valid").

In any event, the Ammunition Laws are not abusive or unduly burdensome. California provides two different mechanisms for satisfying the background check requirement, both of which are inexpensive and can be performed quickly. *See* Mot. 4-8. Plaintiffs' emphasis on the number of purchasers who were rejected "because of a failure to match an [Automated Firearms System] record" is misleading. Opp. 5. That rejection "is not a determination that the purchaser is ineligible to purchase ammunition"; it only prevents purchasers from availing themselves of the streamlined Standard Check process that California specifically provides for those with up-to-date AFS records. López Decl. Ex. 13 ¶ 17. A purchaser may still obtain ammunition by using a Basic Check, submitting a Firearms Ownership Report or purchasing a firearm, or by updating their records in AFS. *See* Mot. 8. And the record reflects that many qualified purchasers who initially had their Standard Checks rejected nonetheless were successfully able to purchase ammunition at a later date. López Decl. Ex. 13 ¶¶ 31–36).

In the few sentences that do address the *Bruen* standard, Plaintiffs make the startling claim that the State must identify "historical analogues that wrongly denied [] a huge proportion of law-abiding citizens." Opp. 7. But no court has suggested that the government must identify historical precursors that were applied

3

in the very same way as the challenged law to prove that it is *facially* constitutional. Just like the district court, Plaintiffs would require the State to identify a "historical *twin*" when *Bruen* requires no such thing. 597 U.S. at 30.

### B. The Ammunition Laws Do Not Violate the Dormant Commerce Clause

Plaintiffs do not identify any discriminatory act by the State sufficient to support their dormant Commerce Clause claim. They point only to the Ammunition Laws' requirement that ammunition transfers must be processed in face-to-face transactions through licensed vendors located in the State and focus on the alleged acts of those private vendors. *See* Opp. 7-8; Cal. Penal Code § 30312. But that requirement applies to *all* vendors, including in-state vendors that lack a license or a brick-and-mortar location that allows them to process face-to-face transactions. *See* Cal. Penal Code § 30312. Both sets of vendors may still sell ammunition to California residents, so long as they process their sales through licensed ammunition vendors located in the State. *Id.*[2]

---

[2] Contrary to Plaintiffs' assertion, an in-state vendor completing the face-to-face requirement for a transaction that originated out-of-state may not "charge the purchaser any fee amount it wishes." Opp. 8. Any such processing fee is limited to $5 if the purchaser is present when the ammunition is delivered. Cal. Code Regs. tit. 11 § 4263(a). If not, the purchaser and vendor must *agree* to any additional fee. *Id.* § 4263(b). And Plaintiffs' own evidence undermines their claim that in-state vendors are refusing to process out-of-state transactions. *See* Dist. Ct. Dkt. 93-6 ¶¶ 8–9 (California vendors have processed orders for Able's Sporting, Inc.); Dist. Ct. Dkt. 93-7 ¶ 9 (same for Ammunition Depot).

4

Far from "miss[ing] the point," Opp. 9, the absence of any discriminatory conduct is fatal to plaintiffs' dormant Commerce Clause claim. *See National Pork Producers Council v. Ross*. 598 U.S. 356, 369, 371 (2023). And it readily distinguishes this case from *Nationwide Biweekly Administration, Inc. v. Owen*, 873 F.3d 716 (9th Cir. 2017) (cited at Opp. 8)—which considered a law that required out-of-state vendors to incorporate in California before conducting business in the State, and was therefore determined to be discriminatory on its face. 873 F.3d at 736–37.

### C. The Ammunition Laws Are Not Preempted by Federal Law

Plaintiffs' opposition confirms that the Attorney General is likely to prevail on their preemption claim. Plaintiffs do not engage with the plain text of 18 U.S.C. § 926A, which applies only to the transport of "a firearm." Instead, Plaintiffs assert that § 926A "necessarily contemplate[s] transportation of ammunition," Opp. 9, because it provides that a firearm must be "unloaded" and that any ammunition must be inaccessible to the firearm during transport, 18 U.S.C. § 926A. That is far from the best reading of the statute. And even if it were, Plaintiffs still have not shown any "direct and positive" conflict between § 926A and any provision of the Ammunition Laws, because a necessary condition for the safe harbor is that the ammunition be lawful to possess in the state of arrival. *See*

5

Mot. 20-21; *Fresno & Pistol Club, Inc. v. Van de Kamp*, 716 F. Supp. 1415, 1427 (E.D. Cal. 1990). As to that point, Plaintiffs offer no response at all. *See* Opp. 9.

## II. THE EQUITABLE FACTORS WEIGH STRONGLY IN FAVOR OF A STAY

A stay is urgently needed to preserve the status quo while this Court considers the merits of the Attorney General's appeal. The Ammunition Laws took effect in 2018 and 2019. Mot. 4-5. They have remained in effect since then, save for a one-day period between the district court's order preliminarily enjoining those requirements and this Court's order staying that injunction. *See* Dist. Ct. Dkt. 60; 9th Cir. No. 20-55437, Dkts. 4, 13-1, 110. It is undisputed that the Ammunition Laws have prevented numerous attempts by prohibited persons to purchase ammunition. Mot. 22. It is common sense to appreciate that there will be many more attempts if the background check requirements are not enforceable.

Plaintiffs' argument (Opp. 9–10) that the status quo must be measured by the state of affairs when they first filed their lawsuit is meritless. That argument would suggest that stay relief is *never* appropriate in a case where a plaintiff raises a pre-enforcement challenge, even if the challenged law later takes effect while the litigation is pending. None of the cases Plaintiffs cite supports that startling proposition. *Id.* at 10. Indeed, this Court previously granted a stay of the district court's preliminary injunction after recognizing the evident harm that would otherwise result from enjoining requirements that "were in effect for more than

6

nine months before the district court's preliminary injunction." 9th Cir. No. 20-55437, Dkt. 13-1 at 2. That reasoning applies with greater force here, as the Ammunition Laws have now been effect for several years, and ghost guns have continued to proliferate. *See* López Decl. ¶ 46, Ex. 15. The district court's injunction has unquestionably altered the status quo.[3]

The equitable considerations favor the State. Plaintiffs and other law-abiding residents may continue to purchase ammunition from in-state and out-of-state vendors while the Ammunition Laws are in effect. But allowing prohibited California residents to acquire ammunition during the appeal not only jeopardizes public safety, it does so in an irreversible manner. Even if the Court were to reverse on the merits and uphold the Ammunition Laws, there will be no reasonable prospect of unwinding all ammunition transactions to prohibited persons that would take place while the district court's injunction was in effect. Plaintiffs' (and the district court's) suggestion that existing criminal laws (which prevent prohibited persons from possessing ammunition) are adequate to protect the State's interest in the meantime is misplaced. Opp. 13–14; Dist. Ct. Dkt. 109 at

---

[3] The Court should not countenance Plaintiffs' attempt to use the State's good faith efforts to comply with the district court's order to argue that the State suffers no harm or that they will suffer harm from any stay. Opp. 2, 16. An order staying the district court's injunction will simply reinstate the same requirements for ammunition vendors that were in place mere days ago—hardly a recipe for "chaos." Opp. 16.

7

2. The regulatory scheme established by the Ammunition Laws is designed not only to identify violators, but to prevent prohibited persons from obtaining ammunition in the first instance. It does so both by identifying prohibited persons at the point of sale, and by deterring such transactions altogether by requiring purchasers to submit to a background check.[4]

## CONCLUSION

The Court should issue an immediate administrative stay to preserve the status quo while the Court considers this motion and then stay the district court's judgment pending appeal.

Dated: February 2, 2024               Respectfully submitted,

                                      ROB BONTA
                                      Attorney General of California
                                      R. MATTHEW WISE
                                      Supervising Deputy Attorney General
                                      JOHN ECHEVERRIA
                                      MEGHAN H. STRONG
                                      Deputy Attorneys General

                                      *s/ Christina R.B. López*

                                      CHRISTINA R.B. LÓPEZ
                                      Deputy Attorney General
                                      *Attorneys for Defendant-Appellant*

---

[4] *See* López Decl. Ex. 6 ¶ 6, Ex. 16 at 21, Ex. 17 at 28, Ex. 18 at 26.

8

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply brief complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3(2) because it does not exceed 10 pages and consists of 1,789 words, excluding the documents listed at Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f). This reply brief complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated: February 2, 2024   *s/ Christina R.B. López*

             CHRISTINA R.B. LÓPEZ
             Deputy Attorney General
             *Attorneys for Defendant-Appellant*