**Clement & Murphy**
PLLC

March 11, 2025

**VIA ACMS**

Molly Dwyer
Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

    Re:    *Rhode v. Bonta*, No. 24-542

Dear Ms. Dwyer:

*Day v. Henry*, No. 23-16148 (9th Cir. Mar. 4, 2025), is no help to California. To the contrary, it confirms that California's one-of-a-kind ammunition-background-check regime violates the Commerce Clause (in addition to the Second Amendment and FOPA).

*Day* involved a Commerce Clause challenge to Arizona laws under which "retailers who do not maintain premises in Arizona cannot ship [wine] directly to consumers within the state, but licensed retailers with in-state premises may do so." Op.6. The Court held that, in the context of laws enacted under §2 of the Twenty-first Amendment, reserving direct-shipping privileges to entities with "a physical premise in [the state]" is not facially discriminatory. Op.16-17. That holding by its terms does not apply outside the unique Twenty-first-Amendment context (or even to "*exception*[s] to the three-tier scheme").

Facial discrimination aside, the plaintiffs in *Day* lost their discriminatory-effects claim at summary judgment because they failed to put on evidence showing that the challenged Arizona laws "have a discriminatory effect in practice," and instead relied on "conclusory allegation[s]" that were contradicted by "the record." Op.18-19. This case could not be more different: Appellees introduced considerable (and unrebutted) evidence showing that the challenged California laws have had the (unsurprising) effect of driving business away from dealers in other states. That evidence shows that, "[f]ollowing the implementation of California's" new regime, "most California vendors" with whom the out-of-state-dealer Appellees previously "d[id] business" will no longer accept ammunition shipments from them "for purposes of processing private party" transactions in California. ER64-65 ¶¶3, 9; *see also* ER73 ¶14. The result has been predictable: "California consumers who" previously "purchased ammunition from" the out-of-state-dealer Appellees have ceased doing so. ER68 ¶9; *see also* ER72 ¶13 (CRPA members now must pay extra to obtain "ammunition that the[y] [can]not locate in-state"). In short, unlike in *Day*, the record evidence confirms that Appellees' allegations have proven true: The actual effect of California's laws has been not only to discriminatorily impede the free flow of commerce, but to "hoard a local" market "for the benefit of local businesses." *C&A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 392 (1994).

---

Molly Dwyer
March 11, 2025
Page 2 of 2

                                                Respectfully submitted,

                                                <u>s/Matthew D. Rowen</u>
                                                Matthew D. Rowen

                                                *Counsel for Appellees*

Cc:  All Counsel of Record

---

706 Duke Street • Alexandria, VA 22314
202.742.8900 • www.clementmurphy.com