

CALIFORNIA
# DEPARTMENT OF JUSTICE

**Rob Bonta**
*Attorney General*

600 West Broadway, Suite 1800
San Diego, CA 92101

Telephone: (619) 738-9693
E-Mail: helen.hong@doj.ca.gov

July 6, 2026

<u>**VIA ACMS**</u>

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:   *Rhode, et al. v. Bonta*, No. 24-542
      En banc argument held March 25, 2026
      <u>Response to Fed. R. App. P. 28(j) Letter re *Wolford* and *Hemani*</u>

Dear Ms. Dwyer:

The Attorney General responds to plaintiffs' letter addressing *Wolford v. Lopez* and *United States v. Hemani*. Both decisions reiterated that the analysis required by *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), "involves two steps." *E.g.*, *Wolford* Slip Opn. 7. The first asks whether the challenged law "clashes with 'the plain text'" of the Second Amendment and "entails three subsidiary questions": "does the law apply to 'the people'"; "concern any form of 'Arms,'"; and "place any restrictions on either the 'keeping' (*i.e.*, possession) or the 'bearing' (*i.e.*, carrying) of arms." *Id*. *Wolford* and *Hemani* did not alter the standard for evaluating Second Amendment facial challenges, which requires a showing that "no set of circumstances exists under

July 6, 2026
Page 2

which the [challenged law] would be valid." *United States v. Rahimi*, 602 U.S. 680, 693 (2024). Nor did *Wolford* or *Hermani* address or disturb *Bruen*'s approval of "'shall-issue' licensing regimes." *Bruen*, 597 U.S. at 38 n.9. Like those regimes, California's ammunition background check law is "designed to ensure only that those bearing arms in the jurisdiction" are authorized to do so, under narrow, objective standards. *Id.*

Plaintiffs are wrong in asserting that *Wolford* undermines this Court's standard for evaluating laws regulating ancillary rights (such as the commercial purchase of ammunition). The "meaningful constraint" standard is consistent with *Wolford*'s third subsidiary question because it evaluates whether a law regulating ancillary conduct restricts individuals from keeping or bearing arms. *See, e.g.*, *Rhode v. Bonta*, 145 F.4th 1090, 1122-1127 (9th Cir. 2025) (Bybee, J., dissenting).

//

//

//

//

July 6, 2026
Page 3

With respect to history, neither *Wolford* nor *Hemani* supports plaintiffs.  The problem in those cases was that the historical laws were "vastly different" in purpose and effect.  *E.g.*, *Wolford* Slip Opn. 19.  Here, the relevant analogues—including disarmament laws, loyalty oaths, and early licensing requirements—share the same purpose and effect as California's law:  keeping arms from prohibited persons.  *See, e.g.*, Opening Br. 27-34; *Maryland Shall Issue v. Moore*, 116 F.4th 211, 229-236 (4th Cir. 2024) (Rushing, J., concurring in part).

Sincerely,

*/s/ Helen H. Hong*

HELEN H. HONG
Principal Deputy Solicitor General

For   ROB BONTA
Attorney General

cc:  All Counsel of Record (via ACMS)